William W. MULDER, Appellant,

v.

STATE of Iowa, DEPARTMENT OF TRANSPORTATION, and Mary Maloney, In the Official Capacity As Polk County Treasurer, Appellees.

No. 96–137.

Supreme Court of Iowa.

June 18, 1997.

Thomas A. Palmer of Lawyer, Dougherty & Palmer, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, David A. Ferree, Special Assistant Attorney General, and Carolyn J. Olson, Assistant Attorney General, for appellee State of Iowa, Department of Transportation.

Eliza Ovrom, Assistant County Attorney, for appellee Mary Maloney.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

In April 1995 the plaintiff, William Mulder, purchased a damaged 1994 Toyota 4 Runner at a public auction. Prior to the auction the vehicle had been owned by State Farm Insurance. The insurer had received the vehicle as a result of a settlement with its owner arising out of damage to the vehicle, and it was deemed to be a "wrecked or salvage" vehicle for title purposes. Iowa Code § 321.52(4)(a) (Supp.1995).[1]

Mulder received the vehicle with a salvage title. He obtained a repair estimate of $4963.77. The vehicle had only 6096 miles, and Mulder claims its fair market value prior to the damage was $22,135. Upon completion of the repairs, Mulder will be able to obtain a regular certificate of title, but it will show a prior salvage designation. *Id.*[2]

---

1. Section 321.52(4)(a) provides in relevant part—

A vehicle rebuilder or a person engaged in the business of buying, selling, or exchanging vehicles of a type required to be registered in this state, upon acquisition of a wrecked or salvage vehicle, shall surrender the certificate of title ... [and] the county treasurer shall issue a salvage certificate of title.... A vehicle on which ownership has transferred to an insurer of the vehicle, as a result of a settlement with the owner of the vehicle arising out of damage to, or unrecovered theft of the vehicle, shall be deemed to be a wrecked or salvage vehicle and the insurer shall comply with this subsection to obtain a salvage certificate of title within fifteen days after the date of assignment of the certificate of title of the vehicle.

2. That statute provides in relevant part—

When a wrecked or salvage vehicle has been repaired, the owner may apply for a regular certificate of title by paying the appropriate fees and surrendering the salvage certificate of title and a properly executed salvage theft examination certificate. The county treasurer shall issue a regular certificate of title which shall bear a designation stamped or printed on the face of the title and stamped and printed on the registration receipt indicating that the vehicle was previously titled on a salvage certificate of title in a form approved by the department. This designation shall be included on every Iowa certificate of title and registration receipt issued thereafter for the vehicle.... However, if ownership of a stolen vehicle has been transferred to an insurer organized under the laws of this state or admitted to do business in this state, or if the transfer was the result of a settlement with the owner of the vehicle arising from damage to or the unrecovered theft of the vehicle, and if the insurer certifies to the county treasurer on a form approved by the department that the insurance company has received one or more

Mulder contends the salvage designation on the title will prevent him from obtaining the benefits of the manufacturer's warranty and will reduce the fair market value of the vehicle by several thousand dollars.

Mulder filed a petition for declaratory judgment against the defendants, the Iowa Department of Transportation (department) and the Polk County Treasurer. He requested a determination that his vehicle was not a wrecked or salvage vehicle as defined in Iowa Code section 321.52(4)(d).[3] He sought an order directing the treasurer to issue him a regular certificate of title with a damage disclosure statement in accordance with Iowa Code section 321.69.[4] Mulder claimed the purchase of a vehicle from an insurer should not conclusively determine its designation as a wrecked or salvage vehicle when its cost of repair was not in excess of fifty percent of its fair market value.

Mulder and the department filed cross-motions for summary judgment. Following a hearing, the district court entered a ruling granting the department's motion. The court concluded the insurance company had obtained the motor vehicle pursuant to an insurance settlement, and section 321.52(4)(a) required the vehicle be classified as a wrecked or salvage vehicle and have a salvage certificate of title.

On appeal, Mulder argues his vehicle should not be designated a wrecked or salvage vehicle because the cost of repair was not in excess of fifty percent of its fair market value. He claims the use of the word "deemed" in section 321.52(4)(a) creates a rebuttable presumption that a vehicle obtained by an insurer is a wrecked or salvage vehicle, and the district court's interpretation established an irrebuttable presumption which resulted in an unconstitutional taking of his property.

When statutory construction is at issue, we review for the correction of errors of law. *See* Iowa R.App. P. 4; *Schneider Leasing, Inc. v. United States Aviation Underwriters, Inc.*, 555 N.W.2d 838, 840 (Iowa 1996). There is no published case law construing section 321.52. However, it seems apparent from the nature of prior amendments to the statute, that the legislature wanted to ensure that consumers were informed about any significant damage and/or prior salvage designations which a vehicle might have had. *See, e.g.,* 1992 Iowa Acts ch. 1104, § 3; 1988 Iowa Acts ch. 1089, § 5; 1978 Iowa Acts ch. 1113, § 15.

Mulder claims his vehicle should not be "branded" with a prior salvage title when the amount of its damage did not exceed fifty percent of its fair market value. Mulder erroneously relies on section 321.52(4)(d) which does not apply to his situation. It is not disputed the vehicle was obtained by an insurer as the result of a settlement with its owner arising out of damage to the vehicle. Regardless of the definition found in section 321.52(4)(d), the vehicle was automatically deemed to be a wrecked or salvage vehicle. Iowa Code § 321.52(4)(a). The insurer did

---

written estimates which state that the retail cost of repairs including labor, parts, and other materials of all damage to the vehicle is less than three thousand dollars, the county treasurer shall issue to the insurance company the regular certificate of title and registration receipt without this designation.
Iowa Code § 321.52(4)(b).

**3.** Section 321.52(4)(d) provides—

For purposes of this subsection a *"wrecked or salvage vehicle"* means a damaged motor vehicle subject to registration and having a gross vehicle weight rating of less than thirty thousand pounds, for which the *cost of repair exceeds fifty percent of the fair market value* of the vehicle, as determined in accordance with rules adopted by the department, before it became damaged.

**4.** That statute provides in relevant part—

1. A certificate of title shall not be issued for a motor vehicle unless a damage disclosure statement has been made by the transferor of the vehicle and is furnished with the application for certificate of title. A damage disclosure statement must be provided by the transferor to the transferee in a transfer of ownership of a motor vehicle. The new certificate of title and registration receipt shall state on the face of the title the total cumulative dollar amount of damage reported by owners prior to the owner listed on the front of the title.

2. ... Only *individual incidents in which* the retail cost of repairs is three thousand dollars or more are required to be disclosed by this section....
Iowa Code § 321.69(1), (2).

not certify to the treasurer that the repairs would not exceed $3000, and, as a result, the insurer, and Mulder as a subsequent purchaser, were properly issued salvage certificates of title.

Mulder knew he was obtaining a salvage certificate when he purchased the vehicle and presumably this was reflected in its purchase price.[5] He may not like the fact that vehicles obtained by insurers are deemed to be wrecked or salvage vehicles, but, under the present law, the vehicle was properly designated a salvage vehicle regardless of its cost of repair and its fair market value.

■ Mulder claims he should be allowed to overcome the determination in section 321.52(4)(a) that a vehicle obtained by an insurer is deemed to be a wrecked or salvage vehicle. He argues that if the statute creates an irrebuttable presumption, "it will not pass equal protection muster" because it will treat insurers differently than other parties. *See* U.S. Const. amend. XIV. Constitutional claims are subject to de novo review. *Frunzar v. Allied Property & Cas. Ins. Co.,* 548 N.W.2d 880, 891 (Iowa 1996).

■ Subsections 321.52(4)(a) and (b) address the type of title issued to an insurer. Mulder is not an insurer and it is questionable whether he has standing to raise an equal protection challenge. Assuming, without deciding, that he does have standing, this argument is without merit. The legislature has opted to treat insurers differently than others who obtain damaged vehicles. It was reasonable for the legislature to conclude an insurer would not acquire a vehicle unless it was "totaled" and its cost of repair equaled or exceeded its value. Under those circumstances there would be a rational basis for classifying such vehicles as wrecked or salvage vehicles without requiring a comparison of their repair costs and fair market value.

The defendants contend another reason for the distinction between insurers and others may be that an insurer occupies a contractual role with the owner of a vehicle and dictates the terms of the insurance contract. The defendants theorize that absent section 321.52(4)(a) an insurer would pay minimal value for a vehicle and then resell it for a profit. By automatically designating such vehicles as wrecked or salvage, the legislature has created a disincentive for insurers to engage in such conduct. There is a rational basis for the Code's distinction between insurers and other parties under section 321.52(4), and Mulder's equal protection claim is without merit

■ Mulder's claim of an unconstitutional taking is also without merit. *See* U.S. Const. amend. V. Mulder acquired the vehicle subject to its salvage certificate and the existing provisions of section 321.52(4)(b). This court has previously held there is no "taking" where a party acquires property but cannot use it as intended because it is subject to preexisting statutory restrictions. *See Hunziker v. State,* 519 N.W.2d 367, 371 (Iowa 1994) (landowners who could not develop property as planned were not entitled to compensation for regulatory taking where land was subject to preexisting restrictions which prohibited the disinterment of burial mounds). Mulder's claim of an unconstitutional taking is similarly rejected.

Mulder was not entitled to a declaratory judgment, and we affirm the district court's grant of the department's motion for summary judgment.

**AFFIRMED.**

---

**5.** The record does not indicate what Mulder paid   for the vehicle.